IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 34511-4-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| SEAN MICHAEL HEALY, | ) | |
| | ) | |
| Appellant. | ) | |

LAWRENCE-BERREY, C.J. — Sean Healy appeals after his conviction for possession of a controlled substance—cocaine. He argues that the trial court erred in denying his motion to suppress based on an unlawful *Terry*[1] stop. We disagree and affirm the trial court.

## FACTS

Late one night, Officer Alexander Gordon was patrolling an area in Pullman, Washington, known as "College Hill." Report of Proceedings (RP) at 12. The area includes bars and fraternities, and is where many college parties are held. The area is where officers often see college students urinating in public.

_____

[1] *Terry v. Ohio*, 392 U.S. 1, 88 S. Ct. 1868, 20 L. Ed. 2d 889 (1968).

While patrolling the College Hill area, Officer Gordon saw a young man who appeared to be urinating in public. The man was near a house where college-age people were partying. The man had partly concealed himself behind a garbage bin and stood with his feet apart at shoulder width, hands near his groin, and head down. Officer Gordon could not actually see a urine stream.

Officer Gordon exited his marked patrol car. The man, later identified as Sean Healy, took off running. Officer Gordon gave chase, and shouted several times for Healy to stop. After about one block, Healy stopped. Officer Gordon told Healy to place his hands on a wall. Healy complied and dropped a bag of chips that he had been holding. Officer Gordon handcuffed Healy to ensure he would not flee and for officer safety. He also advised Healy of his *Miranda*[2] rights. Officer Gordon then smelled alcohol on Healy and learned that Healy was under age 21. Officer Gordon then looked inside the bag of chips and found a small plastic "baggie" of cocaine.

The State charged Healy with possession of a controlled substance—cocaine.

---

[2] *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

PROCEDURE

Prior to trial, Healy filed a motion to suppress. In the CrR 3.6 portion of his motion, he argued that Officer Gordon did not have authority to conduct a *Terry* stop based on a civil infraction, urinating in public (UIP).

Officer Gordon testified at the hearing. In addition to the above facts, Officer Gordon testified about his experience recognizing UIP. Officer Gordon testified that he has contacted men for UIP on a regular basis during his six years with the Pullman Police Department. He is very familiar with the unique stance of a man urinating, i.e., feet apart, head down, and hands near groin.

After evidence and argument, the court denied Healy's motion. The court found "[t]here were sufficient facts combined with the Officer's experience to find it reasonable to believe the Defendant was about to [u]rinate in [p]ublic, or that he already was or had done so, even without a stream of urine or the residue thereof."[3] Clerk's Papers (CP) at 81. The court concluded that Officer Gordon had probable cause to believe that Healy had committed the UIP infraction in his presence and that this gave the officer authority to briefly detain Healy to issue a citation or give a warning. In addition, the court

---

[3] This finding was mislabeled as a conclusion of law. We nevertheless treat it as a finding of fact. *Kunkel v. Meridian Oil, Inc.*, 114 Wn.2d 896, 903, 792 P.2d 1254 (1990).

concluded that Officer Gordon had probable cause to believe that Healy committed the crime of obstructing a law enforcement officer when he fled from Officer Gordon and failed to immediately stop as repeatedly commanded.

The case proceeded to a jury trial. The jury found Healy guilty of the charged offense, and the trial court later entered a judgment of conviction. Healy appeals.

## ANALYSIS

### A. STANDARD OF REVIEW

In reviewing the denial of a defendant's motion to suppress evidence, the appellate court determines whether the factual findings are supported by substantial evidence. *State v. Aase*, 121 Wn. App. 558, 564, 89 P.3d 721 (2004). This court reviews conclusions of law from an order pertaining to the suppression of evidence de novo. *State v. Duncan*, 146 Wn.2d 166, 171, 43 P.3d 513 (2002). The constitutionality of a warrantless stop is a question of law reviewed de novo. *State v. Gatewood*, 163 Wn.2d 534, 539, 182 P.3d 426 (2008).

Healy does not challenge the trial court's factual findings. Our review therefore is de novo.

B. CONSTITUTIONAL DETENTION FOLLOWED BY CONSTITUTIONAL ARREST

Healy contends that because his convictions stemmed from an unlawful *Terry* stop, this court should reverse his conviction. He argues that because UIP is a civil infraction, the officer cannot conduct a *Terry* stop.

*Warrantless seizure synopsis*

"As a general rule, warrantless searches and seizures are per se unreasonable, in violation of the Fourth Amendment [to the United States Constitution] and article I, section 7 of the Washington State Constitution." *Duncan*, 146 Wn.2d at 171. "There are, however, a few jealously and carefully drawn exceptions to the warrant requirement which provide for those cases where the societal costs of obtaining a warrant . . . outweigh the reasons for prior recourse to a neutral magistrate." *State v. Williams*, 102 Wn.2d 733, 736, 689 P.2d 1065 (1984) (internal quotation marks omitted). "These jealously and carefully drawn exceptions include consent, exigent circumstances, searches incident to a valid arrest, inventory searches, plain view searches, and *Terry* investigative stops." *Duncan*, 146 Wn.2d at 171-72.

The State concedes that *Duncan* prohibits *Terry* stops for nontraffic civil infractions. The State argues that the detention was legal because Officer Gordon had reasonable cause to detain Healy to obtain his identification to issue a citation for UIP;

but when Healy fled, Officer Gordon had probable cause to believe that Healy had committed a crime in his presence, thus warranting the arrest. More plainly, the State relies on the "valid arrest" exception to warrantless seizures, not the "*Terry* stop" exception. Our review of the trial court's ruling confirms that the trial court, too, relied on this exception. We therefore review the trial court's "valid arrest" analysis.

*Probable cause for issuance of UIP infraction and authority to detain*

"Probable cause exists where the facts and circumstances within the arresting officer's knowledge and of which the officer has reasonably trustworthy information are sufficient to warrant a person of reasonable caution in a belief that an offense has been committed." *State v. Terrovona*, 105 Wn.2d 632, 643, 716 P.2d 295 (1986). Probable cause requires more than "[a] bare suspicion of criminal activity." *Id.* However, it does not require facts that would establish guilt beyond a reasonable doubt. *State v. Conner*, 58 Wn. App. 90, 98, 791 P.2d 261 (1990). The probable cause determination "rest[s] on the totality of facts and circumstances within the officer's knowledge at the time of the arrest." *State v. Fricks*, 91 Wn.2d 391, 398, 588 P.2d 1328 (1979).

We reject Healy's claim that Officer Gordon did not have authority to briefly detain him. Officer Gordon observed Healy behind the garbage bin, shielding himself with his head down and his hands at his groin, in what appeared to Officer Gordon to be

6

the stance of urinating. Officer Gordon also had substantial experience recognizing the posture of a man urinating. The totality of the facts and circumstances within Officer Gordon's knowledge were sufficient to establish probable cause to believe that Healy committed the infraction of UIP.

RCW 7.80.050(2) states that a "notice of civil infraction may be issued by an enforcement officer when the civil infraction occurs in the officer's presence." "When issuing a notice of a civil infraction, an officer may briefly detain a person long enough to check his or her identification." *Duncan*, 146 Wn.2d at 174 (citing RCW 7.80.060). Because the UIP infraction occurred in Officer Gordon's presence, he had the authority to briefly detain Healy to issue a civil infraction.

*Authority to seize without a warrant*

A seizure under the Fourth Amendment to the United States Constitution is reasonable if the officer can point to specific and articulable facts giving rise to a reasonable suspicion that the person stopped is, or is about to be, engaged in criminal activity. *State v. Armenta*, 134 Wn.2d 1, 10, 948 P.2d 1280 (1997). The reasonableness of the officer's suspicion is determined by the totality of circumstances known to the officer at the inception of the stop. *State v. Gleason*, 70 Wn. App. 13, 17, 851 P.2d 731 (1993).

We must first determine at what time Healy was seized for purposes of the analysis. A person is seized under the Fourth Amendment only if in view of the circumstances, a reasonable person would have believed that he or she was not free to leave. *Armenta*, 134 Wn.2d at 10. Healy was seized for purposes of the Fourth Amendment at the time Officer Gordon yelled for him to stop. At that point, a reasonable person would have felt that he or she was not free to leave.

We next determine what crime, if any, might have occurred in Officer Gordon's presence to justify Healy's seizure. RCW 9A.76.020 makes it a gross misdemeanor for a person to "obstruct[ ] a law enforcement officer if the person willfully hinders, delays, or obstructs any law enforcement officer in the discharge of his or her official powers or duties." As noted above, Officer Gordon had authority to issue a civil infraction to Healy for UIP. Once Healy began to run, he hindered, delayed, or obstructed Officer Gordon's ability to issue a civil infraction. Because the crime of obstructing occurred in Officer Gordon's presence, the officer was not required to apply for a warrant prior to seizing and arresting Healy. We therefore uphold the trial court's order denying Healy's motion to suppress evidence.

*Appellate costs*

Healy filed a motion requesting that appellate costs be denied in the event that the

No. 34511-4-III
*State v. Healy*

State is the substantially prevailing party on appeal. We deem the State the substantially prevailing party. The State has not taken a position on appellate costs. Should the State seek appellate costs, we defer the award of such costs to our commissioner or clerk-administrator in accordance with RAP 14.2.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Lawrence-Berrey, C.J.

WE CONCUR:

Korsmo, J.

Siddoway, J.

9